**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Keith WEDDELL and Willie Hammond,
Jr., Defendants-Appellants.**

**No. 85–1676.**

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1986.

Travis D. Shelton, Travis Dale Jones, Lubbock, Tex., for Weddell.

Warren Burnett, Odessa, Tex., Larry Zinn, San Antonio, Tex., for Hammond.

Sidney Powell, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., James Blankinship, Asst. U.S. Atty., Midland, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, RUBIN and GARZA, Circuit Judges.

ON PETITIONS FOR REHEARING FILED BY APPELLANTS KEITH WEDDELL AND WILLIE HAMMOND, JR., AND APPELLEE THE UNITED STATES OF AMERICA

(800 F.2d 1404, 5th Cir.1986,
October 1, 1986)

BY THE COURT:

Our opinion in this case was filed on October 1, 1986.

**I.**

Defendant Keith Weddell has filed a petition for rehearing claiming that this court misinterpreted the facts presented in the record regarding critical areas of his "insufficiency of the evidence" argument and as a result, misapplied the provisions of Federal Rules of Evidence 801(d)(2)(A) in holding the evidence sufficient to sustain his convictions. His petition for rehearing is without merit and the same is hereby DENIED.

**II.**

Appellant Willie Hammond, Jr. has filed a petition for rehearing which claim is more in the nature of clarification than a petition for rehearing. At the end of footnote 1 of this court's original opinion we said:

In addition, Hammond was charged in Counts 3 and 4 with perjury in violation of 18 U.S.C. § 1623. Hammond's subsequent perjury convictions are not before this Court on appeal.

The petition for rehearing of Appellant Hammond is hereby GRANTED, for in fact Counts 3 and 4 charging him with perjury were before us on appeal. They had resulted from a deposition that he had given where he had denied having a conversation with John Peterson about burning the building and where he denied meeting with anyone else about burning the building. We hereby withdraw the last paragraph of footnote 1 in our original opinion because in truth and in fact his conviction on the counts of perjury were before us and they are so intertwined with his conviction on the first two counts cited above that if the court should find on the hearing for remand that in truth and in fact there was prosecutorial misconduct and his claim that he was denied the testimony of his wife and that in truth and in fact he was prejudiced in any way as to make his trial unfair and a new trial should be warranted, the new trial would be on all four counts that he was convicted of.

**III.**

The government has also filed a petition for rehearing asking us to clarify Part III of the opinion and asks this court to broaden the scope of the remand to afford the parties an opportunity to develop a full record on the allegations of misconduct.

To support their petition for rehearing they have submitted to us for *in camera* review nine affidavits from two Assistant U.S. Attorneys, from a member of the Police Department in Odessa and the rest

from FBI agents. The government claims that the people making these affidavits will testify at a rehearing on remand to what they have stated in the affidavits and that this will tend to prove that there was no prosecutorial misconduct. They claim that the government was never given an opportunity at an adversary hearing to prove that no Assistant U.S. Attorney or FBI agent was guilty of prosecutorial misconduct.

They ask us to withdraw Part III of our opinion—this we will not do. But in fairness to the government, we will say that the findings of the court below, which we accepted, were from the record that was made from the *in camera* and *ex parte* hearings conducted by the district court and the affidavit filed by Mrs. Hammond.

The motion of the government to broaden the scope of our order on remand is hereby GRANTED. The hearing provided for in our original opinion is amended to provide that the government be allowed at an adversary hearing to show that there was no prosecutorial misconduct on the part of the U.S. Attorneys Office and in particular U.S. Attorney Thomas Joseph McHugh and the FBI agents involved in this case. The court below will then make a renewed finding of whether or not there was prosecutorial misconduct. If the court below should continue to find that there was such misconduct then he will proceed to determine whether such misconduct was harmless beyond a reasonable doubt.

This court will withhold any final ruling on whether or not there was prosecutorial misconduct until the hearing on remand herein provided for is held.

The Clerk of the Court is hereby ordered to make available to the court below the affidavits submitted to us for *in camera* review. The question of whether or not to make these affidavits available we will leave to the discretion of the court below for that court is in a better position to decide the question of whether restrictions for the safety of all parties involved are necessary.