**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willie HAMMOND, Jr.,
Defendant-Appellant.**

No. 85–1676.

United States Court of Appeals,
Fifth Circuit.

April 13, 1987.

---

1. At trial he testified to a $10,000 fee promised him to deliver the cabbage.

Travis D. Shelton, Travis Dale Jones, Lubbock, Tex., for Weddell.

Warren Burnett, Odessa, Tex., Larry Zinn, San Antonio, Tex., for Hammond.

Sidney Powell and Michael R. Hardy, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., Antonio, Tex., James Blankinship, Asst. U.S. Atty., Midland, Tex., for plaintiff-appellee.

ON OPINION OF THE DISTRICT COURT REGARDING THE PREVIOUS RE-MAND OF THIS COURT

Before CLARK, Chief Judge, RUBIN and GARZA, Circuit Judges.

BY THE COURT:

In our prior opinion in the above case filed October 1, 1986 (800 F.2d 1404), the conviction of defendant Willie Hammond, Jr. was held in abeyance. This Court requested the court below to conduct a hearing to determine whether the conduct of the government in this case was harmless beyond a reasonable doubt and to ascertain whether a new trial should or should not be ordered.

On November 17, 1986, on a motion for rehearing filed by the government, the original Order in the opinion of October 1st was amended (804 F.2d 1343) and this Court directed the district court to broaden the scope of the hearing to provide that the government be allowed at an adversary hearing to show that there was no prosecutorial misconduct on the part of the U.S. Attorney's Office and, in particular U.S. Attorney Thomas Joseph McHugh and the FBI agents involved in this case.

The court below was directed to make renewed findings on whether or not there was prosecutorial misconduct and if the court should continue to find that there was such misconduct, then he would proceed to determine whether such conduct was harmless beyond a reasonable doubt.

The hearing requested by this Court was held by the court below on December 29 and 30, 1986. The record of that hearing and a memorandum opinion of the court below has been filed with this Court.

The court below found that the U.S. Attorneys involved in this case told Mrs. Hammond that she did not have to testify but at no time did they advise her, in words that she could understand, of her right as a spouse not to testify against her husband in a criminal court proceeding as indicated in our prior opinion.

The court had instructed U.S. Attorney McHugh and others that he wanted to be

notified immediately when Mrs. Hammond arrived at the courthouse. He found that his order was violated by the failure of U.S. Attorney McHugh to inform the FBI agents to let him know when Mrs. Hammond arrived at the courthouse and that she stayed at the FBI office three or four hours before the court was notified that she was there.

The court below made extensive findings with regard to the circumstances under which Mrs. Hammond and her children were taken from their home in Odessa, Texas, for Mrs. Hammond to appear the following day in El Paso during the trial of Willie Hammond, Jr. This procedure and action on the part of the Federal Bureau of Investigation, the court found, was reprehensible and misconduct.

We cannot say that this finding is incorrect. The court below, in determining whether or not Willie Hammond's defense was prejudiced to such an extent that it rendered his trial unfair, held that unfortunately for appellant Hammond the "die was cast" when Mrs. Hammond initially contacted the police department of the City of Odessa. This led to an interview by FBI agents which was not solicited by the United States Government, but did result in a 302 being prepared by the FBI agents that conducted the interview. He further held that once this 302 came into existence, if Mrs. Hammond had taken the stand for her husband, it could have been used by the prosecutors to cross-examine her.

In his memorandum opinion the court below found that misconduct above noted did occur. The court further found that this misconduct, though reprehensible, did not deprive Mr. Hammond of a fair trial and that unfortunately for appellant Willie Hammond, Jr., Mrs. Hammond's conduct between the first and second trial precluded her ever taking the witness stand in his behalf. Since he found that any governmental misconduct was harmless beyond a reasonable doubt, the court below entered an order denying a new trial for appellant Willie Hammond, Jr.

Being satisfied that appellant Willie Hammond, Jr.'s trial was not prejudiced by any governmental misconduct and was harmless beyond a reasonable doubt, we now AFFIRM the conviction of Willie Hammond, Jr.